UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PETER J. CRESCI,

                Plaintiff,

v.                                                6:14-CV-1172
                                                (GTS/TWD)
MOHAWK VALLEY COMMUNITY
COLLEGE; KIMBERLY EVANS-DAME;
and JOHN DOES 1-4,

                Defendants.
_____

APPEARANCES:                                      OF COUNSEL:

PETER J. CRESCI
  Plaintiff, *Pro Se*
830 Avenue A, Suite 1
Bayonne, NJ 07002

OFFICE OF FRANK W. MILLER                       CHARLES C. SPAGNOLI, ESQ.
  Counsel for Defendants
6575 Kirkville Road
East Syracuse, NY 13057

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

       Currently before the Court, in this *pro se* civil rights action filed by Peter J. Cresci ("Plaintiff") against Mohawk Valley Community College, Kimberly Evans-Dame, and John Does 1-4 ("Defendants"), are (1) United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Plaintiff's motion to amend the Complaint be denied without further leave to amend, (2) Plaintiff's objections to the Report-Recommendation, and (3) Defendants' response to Plaintiff's objections. (Dkt. Nos. 28, 29, 30.) For the reasons set forth below, Magistrate Judge Dancks' Report-Recommendation is accepted and adopted in its entirety, Plaintiff's motion is denied, and his Complaint is dismissed.

## I.    RELEVANT BACKGROUND

### A.    Magistrate Judge Dancks' Report-Recommendation

Generally, in the Report-Recommendation, Magistrate Judge Dancks recommended that Plaintiff's motion to amend the Complaint should be denied without further leave to amend for two reasons: (1) as to Plaintiff's First Amendment retaliation and freedom of association claims, the proposed Amended Complaint fails to allege facts plausibly suggesting that his alleged speech addressed a matter of public concern or that there was a causal connection between protected speech and the adverse employment decisions; and (2) as to Plaintiff's Fourteenth Amendment due process claim, the proposed Amended Complaint fails to state a claim based on Plaintiff's failure to plausibly show a property right in his prospective employment.  (Dkt. No. 28, at 9-20 [Report-Recommendation, 12/15/2017].)  Magistrate Judge Dancks additionally recommended a finding that any further amendments would be futile as to all of these claims.  (*Id.*)

### B.    Plaintiff's Objections to the Report-Recommendation

Generally, Plaintiff makes four objections to the Report-Recommendation.  (Dkt. No. 29, at 1-4 [Pl.'s Objections].)  First, Plaintiff argues that the Second Circuit's mandate of June 26, 2017, required this Court to allow Plaintiff to amend the Complaint, not to simply allow him to file a motion seeking permission to amend the Complaint.  (*Id.* at 1-2.)  Plaintiff argues that Magistrate Judge Dancks therefore failed to follow the Second Circuit's order by denying his motion to amend.  (*Id.*)

Second, Plaintiff argues that Magistrate Judge Dancks improperly considered extrinsic material that had been submitted with Defendants' response to Plaintiff's motion to amend

(namely, an affidavit from Defendant Evans-Dame that Plaintiff argues is inconsistent with her previous statements related to whether she was aware of Plaintiff's military and civil rights litigation history). (*Id.* at 2.) Plaintiff argues that consideration of this evidence functionally converted the motion into a motion for summary judgment pursuant to the Federal Rules of Civil Procedure, and therefore Plaintiff should have been afforded notice of the conversion and an opportunity to be heard or submit evidence before the Court decided the motion.[1] (*Id.*)

Third, Plaintiff argues that he should have been permitted to file a reply to Defendants' response to his motion to amend, and that it is impossible to determine from Magistrate Judge Dancks' findings whether the motion was decided pursuant to Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 12(c), Fed. R. Civ. P. 15, or Fed. R. Civ. Pro. 56. (*Id.* at 3.)

Fourth, Plaintiff argues that Magistrate Judge Dancks failed to interpret the facts in the light most favorable to him as required by applicable legal standard and abused her discretion by discounting his allegations of fact. (*Id.* at 3-4.)

### C. Defendants' Response to Plaintiff's Objections

Generally, in response to Plaintiff's objections, Defendants make four arguments. (Dkt. No. 30, at 1-3 [Defs.' Resp.].) First, in response to Plaintiff's first objection, Defendants argue that the Second Circuit's mandate required only that Plaintiff be given an opportunity to amend, not that the Court was required to accept Plaintiff's proposed amendments. (*Id.* at 1-2.) Defendants also argue that any order requiring this Court to inform Plaintiff of how to fix his Complaint without allowing the Court the discretion to deny his amendments on proper grounds

---

[1] Plaintiff also argues, in another portion of his objections, that Magistrate Judge Dancks "treated the 'Motion to Amend' as a 12(b)(6) motion to dismiss." (Dkt. No. 29, at 3.)

would be tantamount to forcing this Court to issue an improper advisory opinion. (*Id.*) Defendants further argue that, even if Plaintiff had been allowed to amend the Complaint, the outcome would not change because those amendments would still have been attacked by Defendants in a motion to dismiss for failure to state a claim and have been found futile by the Court for all the reasons discussed by Magistrate Judge Dancks. (*Id.* at 2.)

Second, in response to Plaintiff's third objection, Defendants argue that Plaintiff's objections to the fact that the motion procedure under the Local Rules did not allow him to submit a reply brief as of right is not a proper objection because Plaintiff could have requested to file such a brief with the Court, but did not; Defendants argue that it is improper for Plaintiff to have waited until receiving an unfavorable outcome before raising the issue. (*Id.*)

Third, in response to Plaintiff's second objection, Defendants argue that Magistrate Judge Dancks expressly noted in the Report-Recommendation that she declined to consider the additional evidence submitted with Defendants' opposition to Plaintiff's motion to amend. (*Id.*) Rather, Defendants argue, Magistrate Judge Dancks properly considered the Complaint, the Court's previous decision, the Second Circuit's mandate, and the proposed Amended Complaint when making her recommendations. (*Id.*) Defendants also argue that whether Magistrate Judge Dancks considered this evidence is beside the point because Plaintiff's proposed Amended Complaint alleged that he brought his civil rights and military history to Defendant Evans-Dame's attention, allegations that Magistrate Judge Dancks expressly considered and discussed when making her recommendations. (*Id.*)

## II.     STANDARD OF REVIEW

When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1(c).[2] When performing such a *de novo* review, "[t]he judge may ... receive further evidence...." 28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[3] Similarly, a district court will ordinarily refuse to consider argument that could have

---

[2] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") (internal quotation marks and citations omitted); *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term '*de novo*' does not indicate that a secondary evidentiary hearing is required.").

been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review.[4] Finally, when no objection is made to a portion of a report-recommendation, the Court

---

[4] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in papers submitted to the magistrate judge); *accord Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077,

subjects that portion of the report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

After careful review, the Court adopts in its entirety Magistrate Judge Dancks' well-reasoned Report-Recommendation for the reasons stated in Defendants' response to Plaintiff's objections. (Dkt. No. 30, at 1-3 [Defs.' Resp.].) To those reasons, the Court adds the following analysis.

As to Plaintiff's first objection, the Court agrees with Defendants that the Second Circuit's mandate did not require the Court to allow Plaintiff to amend his Complaint without any consideration of whether the amendments he intended to make would be futile. Notably, the Second Circuit's remand was premised on the fact that the Court had previously denied Plaintiff's request to amend the Complaint in the same decision and on the same date as it granted Defendants' motion to dismiss; the Second Circuit found this action objectionable

---

2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[5] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

because Plaintiff should not have been expected to move to amend his Complaint before being informed by the Court as to what deficiencies existed in the Complaint. (Dkt. No. 22, at 4-6 [2d Cir. Mandate, 6/26/2017].) The Second Circuit found that this simultaneous denial "effectively deprived [Plaintiff] of a reasonable opportunity to *seek leave to amend*." (*Id.* at 5 [emphasis added].) Nothing in the Second Circuit's explanation of its finding suggests that this Court was somehow deprived of its discretion to deny leave to amend the Complaint if Plaintiff's proposed amendments would be futile.[6] Rather, Magistrate Judge Dancks' treatment of Plaintiff's motion as any other motion to amend was proper and consistent with the Second Circuit's mandate because Plaintiff was on notice of the deficiencies in the original Complaint previously identified by the Court and had the opportunity to submit his proposed amendments for consideration.[7] The Court therefore rejects Plaintiff's objections on this matter and finds that they do not provide a basis for altering or rejecting the Report-Recommendation.

---

[6] *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) ("Our opinion today, of course, leaves unaltered the grounds on which denial of leave to amend has long been held proper, such as undue delay, bad faith, dilatory motive, and futility . . . ."); *F5 Capital v. Pappas*, 856 F.3d 61, 89 (2d Cir. 2017) ("[The district court] determined, albeit after only a brief analysis, that any amendments would be futile, a rationale that our decision in *Loreley* 'leaves unaltered.'").

[7] Magistrate Judge Dancks' treatment of Plaintiff's motion to amend as one needing court approval is also consistent with Fed. R. Civ. P. 15, which states that, other than where a party is entitled to amend its pleading as a matter of course (which is not applicable here), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Absent a clear instruction from the Second Circuit or the written consent of Defendants (neither of which is present in this case), Plaintiff could amend his Complaint only with the Court's leave. The Court also notes that, in an effort to comply with the Second Circuit's mandate, Magistrate Judge Dancks proceeded to assess Plaintiff's proposed Amended Complaint despite the fact that he failed to comply with N.D.N.Y. L.R. 7.1(a)(4), requiring identification of amendments through use of a red-line version or equivalent means. (Dkt. No. 28, at 9 [Report-Recommendation, 12/15/2017].) However, Plaintiff's failure to submit a red-line (or equivalent) version of his proposed Amended Complaint may, and does, serve as an alternative ground on which to base the Court's denial of his motion to amend.

As to Plaintiff's second objection that Magistrate Judge Dancks improperly considered extrinsic evidence, the Court is not convinced. As Defendants note in their response, Magistrate Judge Dancks specifically stated that she "elected not to consider the Evans-Dame affidavit and internet articles" submitted with Defendants' opposition to Plaintiff's motion to amend because she was "not convinced that Plaintiff's reference to Evans-Dame's background search . . . qualifies as incorporation by reference of Defendants' submissions, or that a court would find the submissions integral to the proposed Amended complaint." (Dkt. No. 28, at 17 n.9 [Report-Recommendation, 12/15/2017].) Nor does the Court see any evidence that Magistrate Judge Dancks considered the Evans-Dame affidavit or other extrinsic evidence that would contradict her clear statement that she declined to do so. The Court therefore rejects Plaintiff's objections that Magistrate Judge Dancks improperly considered extrinsic evidence (and thus essentially converted the motion into a motion for summary judgment) such that Plaintiff should have been given notice and opportunity to respond with additional evidence.

As to Plaintiff's third and fourth objections that it was unclear what type of motion was being considered and what standard was required, these arguments are without merit. As already noted, Plaintiff's motion was not converted to a motion for summary judgment and therefore there was no need for Magistrate Judge Dancks to apply any summary judgment standards. Plaintiff's attempts to create confusion as to what type of motion was being considered is further unavailing because there was nothing improper in Magistrate Judge Dancks' application of the standards for a motion to dismiss as part of her analysis of Plaintiff's motion to amend. It is well-established law in this circuit that, while permission to amend should be freely granted, permission to amend may be denied if the Court determines that amendment would be futile.

9

*See F5Capital*, 856 F.3d at 89 ("'Leave to amend may properly be denied if the amendment would be futile.'") (quoting *Krys v. Pigott*, 749 F.3d 134 [2d Cir. 2014]); *accord Williams v. Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011).  Furthermore, a proposed amendment is futile if it could not survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. *See Hines v. City of Albany*, 542 F. Supp. 2d 218, 224 (N.D.N.Y. 2008) (McCurn, J.) ("[T]he futility analysis of Plaintiff's motion to amend mirrors the analysis of Defendants' Rule 12(b)(6) motion to dismiss."); *see also F5 Capital*, 856 F.3d at 89 ("'A proposed amendment would be futile when it could not withstand a motion to dismiss.'") (quoting *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164-65 [2d Cir. 2015]); *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 347 F. App'x 617, 622 (2d Cir. 2009) ("Granting leave to amend is futile if it appears that plaintiff cannot address the deficiencies identified by the court and allege facts to support the claim."). Magistrate Judge Dancks was not required to grant Plaintiff's motion to amend if it was apparent from the pleadings, including the proposed Amended Complaint, that the proposed Amended Complaint would not be able to survive a motion to dismiss for failure to state a claim.  It is clear from the face of the Report-Recommendation that Magistrate Judge Dancks found that granting the motion to amend would be futile based on an analysis of the factual additions in the proposed Amended Complaint.  The Court finds nothing procedurally improper in Magistrate Judge Dancks' treatment of the motion to amend and therefore rejects Plaintiff's objections on this issue.

Finally, even subjecting the relevant findings in the Report-Recommendation to a *de novo* review, the Court finds that they should be adopted.  Additionally, Plaintiff's does not make any specific objections to Magistrate Judge Dancks' substantive findings other than to

argue that she failed to apply the correct legal standards when reviewing his Complaint and motion. However, the Court finds that Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court adopts Magistrate Judge Dancks' thorough Report-Recommendation regarding Plaintiff's claims pursuant to the First and Fourteenth Amendments.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 28) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion to amend his Complaint (Dkt. No. 24) is **DENIED** with prejudice; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: March 12, 2018
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge